## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

FOTINEE FARAH ZAKI,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No.: 04-10705 RWZ

## ANSWER

COMES NOW Defendant, United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Gina Walcott-Torres, Assistant United States Attorney for said District, and answers Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Answering the specific allegations of the Complaint, Defendant asserts:

1.    Paragraph 1 states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 1.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore, denies the same.

3.    Defendant admits the allegations contained in Paragraph 3.

4.    Defendant admits the allegations contained in Paragraph 4.

5.    Defendant admits that Edward W. Keen was an employee of the United States Postal Service and was acting within the scope of his employment.

Defendant admits that the United States Postal Service is an independent establishment of the executive branch of the federal government, 30 U.S.C. §201. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 5.

6.   Defendant denies the allegations contained in Paragraph 6.

7.   Defendant denies the allegations contained in Paragraph 7.

8.   Defendant denies the allegations contained in Paragraph 8.

9.   Defendant denies the allegations contained in Paragraph 9.

10.  Defendant admits the allegations contained in Paragraph 10.


## SECOND AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's administrative claim presented to the United States Postal Service.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's own negligence, carelessness or recklessness.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident.  Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from Defendant.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint in its entirety, for its costs incurred herein, and for such further relief as is just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Gina Walcott-Torres
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed this 24th day of June, 2004, to:

Daniel E. Doherty, Attorney at Law, One Elm Street, Braintree, MA  02184

Gina Walcott-Torres
Assistant U.S. Attorney

4